UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **ALEXANDER JAMES LOURIA** | **CIVIL ACTION NO. 21-3231-P** |
| **VERSUS** | **JUDGE EDWARDS** |
| **WARDEN JERRY GOODWIN** | **MAGISTRATE JUDGE HORNSBY** |

REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

STATEMENT OF CLAIM

Before the court is a petition for writ of habeas corpus filed by pro se petitioner Alexander James Louria, pursuant to 28 U.S.C. §2254. This petition was received and filed in this court on September 3, 2021. Petitioner is incarcerated in the David Wade Correctional Center in Homer, Louisiana. He challenges his state court conviction and sentence. Petitioner names Warden Jerry Goodwin as respondent.

On December 19, 2017, Petitioner pleaded guilty to one count of pornography involving juveniles in the Louisiana Twenty-Sixth Judicial District Court, Parish of Bossier and he was sentenced to ten years imprisonment at hard labor.

In support of this petition, Petitioner alleges (1) the search and seizure were illegal (5 claims), (2) he received ineffective assistance of counsel (7 claims), (3) his conviction was obtained in violation of Louisiana Constitutional Articles 2 and 5 and US Constitutional Amendment 4 (5 claims), (4) his conviction was obtained in violation of

Louisiana Constitutional Articles 15 and 19 and US Constitutional Amendment 5 (4 claims), and (5) the sentencing court failed to inform him of the minimum and maximum sentences and the elements of the crime.

For the reasons that follow, Petitioner is not entitled to the relief requested and his petition should be dismissed because it is barred by the one-year limitation period of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. Section 2244.

## LAW AND ANALYSIS

**Timeliness Calculation**

On April 24, 1996, the AEDPA amended 28 U.S.C. Section 2244 to provide for a "1-year period of limitation [that] shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The limitation period runs from the latest of four possible dates, as follows[1]:

> 1. the date "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review";
>
> 2. the date "the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action";

---

[1] The time during which a properly filed state post-conviction relief application or other collateral review is pending shall not be counted toward the period of limitations. See 28 U.S.C. § 2244(d)(2).

3. the date that "the constitutional right asserted was initially recognized by the Supreme Court," if it is newly recognized and made retroactively applicable; or

4. the date "the factual predicate of the claim . . . presented could have been discovered through . . . due diligence." 28 U.S.C. § 2244 (d)(1).

For a petition to be considered timely, it must be filed within one year from the most recent date provided by subsections (1) through (4). In the case where a petitioner makes claims that do not implicate subsections (2) through (4), the court must determine when the petitioner's conviction became final on direct review and then toll the limitations period for the time taken for any "properly filed" collateral review applications.

Petitioner pleaded guilty and was sentenced on December 19, 2017. Petitioner did not seek direct review of his conviction and sentence. Thus, his conviction and sentence became final on January 18, 2018, when the delay for filing for an appeal expired and no appeal was filed. See La. C.Cr.P. art. 914.

The federal petition currently before the court was received and filed in this court on September 3, 2021, and signed by Petitioner on August 30, 2021 [Doc. 1, p. 16]. Since the federal clock began ticking on January 18, 2018, and Petitioner had one full year in which to file his federal petition, Petitioner would have had to file this petition on or before January 18, 2019. This petition was not filed until August 30, 2021 at the earliest, more than two years too late.

It appears that Petitioner's state petition for post-conviction relief did toll his federal one-year limitation period, but that Petitioner is still untimely. See supra footnote 1.

Petitioner's one-year federal limitation period began on January 18, 2018, and continued until he signed his state post-conviction relief application on October 5, 2018 [Doc. 5, p. 9], encompassing approximately 260 days of the limitation period.  From that point, the limitation period was tolled until November 24, 2020 when the Louisiana Second Circuit Court of Appeal denied relief on his application for supervisory writ [Doc. 5, pp. 111-112].  Petitioner then had 30 days from the mailing of the notice of the original judgment of the court of appeal to file his application for a supervisory writ to the Supreme Court of Louisiana pursuant to Louisiana Supreme Court Rule X, §5(a) which would have been December 24, 2020.  By letter dated January 5, 2021, Petitioner filed a request for an extension of time to file a writ with the Supreme Court of Louisiana because of Covid restrictions and limited access to the law library [Doc. 5, p. 113].   Louisiana Supreme Court Rule X, §5(a) expressly states that no extension of time will be granted. Subsequently, Petitioner filed the identical supervisory writ he filed in the Louisiana Second Circuit Court of Appeal in the Supreme Court of Louisiana [Doc. 5, p.p. 114-135]. The filing was post marked on January 6, 2021 [Doc. 5, p. 136].  Petitioner's application for supervisory writ was filed approximately 13 days late in the Supreme Court of Louisiana.  The Supreme Court of Louisiana did not consider Petitioner's application for supervisory writ because it was untimely filed pursuant to Louisiana Supreme Court Rule X, §5(a) [Doc. 5, p. 138].  On December 24, 2020, Petitioner's application for state post-conviction relief ceased to be properly filed and pending under Section 2244(d)(2) when he failed to comply with the 30 -day time limit of Louisiana Supreme Court Rule X, §5(a). Williams v. Cain, 217 F.3d 303, (5th Cir. 2000).

Petitioner then had approximately 105 days, or until April 8, 2021, to file his federal petition for a writ of habeas corpus in this court. Petitioner did not file his petition in this court until August 30, 2021, at the earliest. Thus, the time in which the limitation period was running exceeded 365 days and Petitioner's federal habeas claim is time-barred. Thus, the petition was untimely filed.

**Equitable Tolling**

Petitioner argues that he is entitled to equitable tolling due to extraordinary circumstances. [Doc. 9, p. 1]. First, Petitioner argues that the Covid-19 restrictions impaired his ability to timely file with the Supreme Court of Louisiana. He claims his dorm was placed on quarantine for several months because of suspected Covid-19 infections. He claims there were no guidelines or temporary measures in place to do simple things like send mail, contact inmate counsel, and visit the law library.

Second, Petitioner argues that a sudden change in his parole eligibility impaired his ability to timely file with the Supreme Court of Louisiana. Petitioner was granted a parole hearing on November 30, 2020 and he claims that from that day forward all of his attention was on preparing for parole. He claims he had to initiate an interstate compact for a residency plan. Plaintiff notes that he received the Louisiana Second Circuit Court of Appeal denial of his writ on November 24, 2020. He claims that within days of his parole hearing, he received a new prison record eliminating parole eligibility. He claims this was a shock to him and required all his attention. He claims he genuinely forgot the one-word denial by the Louisiana Second Circuit Court of Appeal. He claims he filed a grievance in

the first and second step of the administrative remedy procedure to restore his parole eligibility. Plaintiff admits that he prioritized his parole eligibility [Doc. 9, pp. 1-2]

Third, Plaintiff claims his inexperience with the law and legal/court proceedings in general impaired his ability to timely file with the Supreme Court of Louisiana. He claims he assumed that his filing with the Supreme Court of Louisiana would be lengthy and research intensive like his application for post-conviction relief was in the trial court and his writ was in the appellate court.

The one-year limitation of Section 2244(d) "is subject to equitable tolling in appropriate cases." Holland v. Florida, 130 S.Ct. 2549, 2560 (2010). The petitioner who seeks equitable tolling bears the burden of proof on the issue. Clarke v. Rader, 721 F.3d 339, 344 (5th Cir. 2013). He must show (1) that he has been pursuing his rights with "reasonable diligence" and (2) that some extraordinary circumstance stood in his way and prevented timely filing. Holland, 130 S.Ct. at 2562.

The "extraordinary circumstances" must be factors outside the petitioner's control; delays of his own making do not qualify. In re Wilson, 442 F.3d 872, 875 (5th Cir. 2006). Equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000). A district court's refusal to invoke the doctrine is reviewed for abuse of discretion. Molo v. Johnson, 207 F.3d 773, 775 (5th Cir. 2000).

Arguments like the ones raised by Petitioner have been rejected for not amounting to rare and exceptional circumstances. "[P]roceeding pro se is not a 'rare and exceptional'

circumstance because it is typical of those bringing a § 2254 claim." Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000). Ignorance of the law, temporary denial of access to research materials or the law library, and inadequacies of the prison law library also have been rejected as rare and exceptional circumstances that would justify equitable tolling of the statute of limitations for a § 2254 application. Puderer v. Cain, 830 Fed. App'x 458, 459 (5th Cir. 2020); Tate v. Parker, 439 Fed. App'x 375, 376 (5th Cir. 2011). See also Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling."). Furthermore, Petitioner admits that he prioritized working on his parole case and forgot about the denial by the Louisiana Second Circuit Court of Appeal. The court also notes that Petitioner filed the identical filing in the Supreme Court of Louisiana that he had previously filed in the Louisiana Second Circuit Court of Appeal.

The Covid 19 pandemic is not, without more, an "extraordinary circumstance." Turner v. Mississippi, 3:21-CV-235, 2022 WL 125028, at 3 (N.D. Miss. 2022) (citing Young v. Mississippi, 2021 WL 4190646, at 5 (S.D. Miss 2021) (citations omitted)). Furthermore, an inmate does not demonstrate extraordinary circumstances because "his circumstances were not different than any other prisoner attempting to access legal resources, as they all were subject to COVID-19 protocols." Luckey v. Day, CV 21-1895, 2022 WL 2712593, at 13 (E.D. La. June 9, 2022); appeal dismissed, 22-30579, 2022 WL 19010321 (5th Cir. Oct. 25, 2022).

Thus, Petitioner's contentions do not warrant equitable tolling.

For the foregoing reasons, Petitioner's habeas petition should be dismissed because it is time barred by the one-year limitation period imposed by the AEDPA.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DENIED AND DISMISSED WITH PREJUDICE**, sua sponte, because it is time barred by the one-year limitation period imposed by the AEDPA. See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1/6/99).

**OBJECTIONS**

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under Section 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b).  Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within **fourteen (14) days** from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 11th day of March 2024.

Mark L. Hornsby
U.S. Magistrate Judge